GUILLERMO OLIVERO, represented by his guardian ad litem, Guadalupe Huelva, widow of Abréu, substituted by Adela Orriola, Plaintiff and Appellant, v. CENTRAL CAMBALACHE, Defendant and Appellee.

No. 6809. Argued February 16, 1937.—Decided February 18, 1938.

694

E. *Martínez Avilés* for appellant.   *Juan B. Soto, Juan F. Soto,* and E. *Igaravídez,* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

In an action for damages the District Court of Arecibo rendered judgment for the defendant, Central Cambalache. The appellant in his brief alleges various errors relating to the failure of the court to render judgment on the pleadings for want of a sufficient oath to the answer, for which reason the complaint should be taken as confessed, challenges the findings of the court on the manner of the accident and also attacks the conduct and findings of the court with respect to the insanity of the plaintiff.

There was an insufficient statement of facts. The appellant limits himself to the repeating of the averments of pleadings, mentions the fact that the court refused to render judgment on the pleadings and sets forth the fact of a trial and that the court rendered judgment thereafter. The rule of the court, which should be followed, is:

"Rule 42.—Within ten days after the transcript of record has been filed in this Court, the attorney for the appellant shall file in Court a typewritten or printed brief, in duplicate, which shall contain a true and concise statement of the case, as it appears in the record; also an assignment of errors upon which his appeal is based, and he shall in addition thereto comply with the law of procedure now in force."

Therefore, we shall only briefly consider the errors assigned. The most important matter, of course, are the facts with regard to negligence.

The court said:

"To show that the accident occurred through the fault and negligence of the defendant's employee, the plaintiff presented as his only evidence the testimony of Margaro Pérez. This witness said: That on the day of the happening, between four and five in the afternoon, he saw Olivero on the bridge on the highway from Arecibo to San Juan; that the witness was cutting grass and waiting there for his nephew, when the plaintiff went by and said that he was going to the ward of Jareales; that just about that time a truck passed very close to the witness, he shifted his body and the truck went on along the left of the highway; that Olivero was walking on the left side, about a yard from the edge of the road and the truck which was going very fast struck him with the left side of the chassis, stopping a little further ahead; that Olivero got up without any help and when the witness came near the spot he saw that the plaintiff had a scratch from his shoulder downwards and that his shirt was torn; that the highway along the bridge was at that time clear; that he heard no sound of a claxon or horn."

The only proof adduced by the complainant sustaining his allegation was in fact, we may say, the testimony of Margaro Pérez as recited by the court. The appellant mentions some indications from the testimony of other witnesses but on the whole even accepting them with the value that the appellant seeks to give them, the court was still justified in deciding that the appellant had not proved his case by a preponderance of the evidence.

The witnesses of the defendant were all in accord that the defendant's truck was on its right hand side of the road and that Olivero, the plaintiff, was going on the same direction but on the left side; that when the truck approached the spot where Olivero was walking, the latter attempted to cross to the right side of the road and while doing so slipped and fell and was struck by the front part of the truck, that is the bumper; that Olivero was struck by the middle of the bumper equidistant from both wheels, so that when the truck was brought to a halt Olivero was found beneath it but had not been run over by either of the wheels. The court, as we have indicated, found for the defendant. This disposes of the 10th, 11th, 12th and 13th assignments of error as follows:

"10. The court erred in deciding that the only evidence presented by the plaintiff to justify the negligence on the part of the defendant was the testimony of Margaro Pérez.

"11. The court erred in holding in its opinion that the witness, Miguel Parés, was cutting grass at the time of the accident.

"12. The court committed error in holding in its statement of the case and opinion that all the witnesses for the defendant were agreed in testifying that the truck ran along the right side of the highway, while Olivero walked in the same direction along the left side, and that when the truck came near Olivero, the latter tried to cross to the right and while doing up, slipped and fell and that it was then when he was run over and struck by the middle of the bumper of the truck and in holding that the plaintiff did not prove that he was suffering from insanity.

"13. The court committed manifest error in weighing the evidence as a whole."

The fourth assignment of error is as follows:

"4. The court erred in concluding that the theory of *res ipsa loquitur* was not applicable to automobile accidents when, upon the question being presented, it said: 'The court feels that (the plaintiff) can prove his case under the theory which he believes the most convenient, I do not see how it could be applicable to automobiles.' "

The court was of course mistaken in saying that the doctrine of *res ipsa loquitur* could not be applied to an automobile. Many instances to the contrary might be recited. However, we agree with the appellee that the doctrine of *res ipsa loquitur* depends upon the facts of each case and we find nothing in the record to call for its application here. The appellee cites 45 C.J. 1200, par. 771.

The first, second and third assignments of error were as follows:

"1. The court erred in deciding that, assuming the nullity of the oath, no judgment on the pleadings could be thereby requested and what could have been requested was that the answer be stricken.

"2. The court erred in deciding the following: Since the court has a discretion at any time to regulate the presentation of pleadings,

the fact that an oath is defective did not give rise to a judgment on the pleadings.

"3. The court erred in denying a judgment on the pleadings."

We shall not discuss to any extent the third error with respect to negative pregnants and the like because the assignment of error was in itself insufficient, because we are more or less satisfied with the answer given by the appellee and we are likewise inclined to think that the motion for judgment on the pleadings in this respect came too late.

In regard to the first and second assignments of error the oath of the defendant to the answer was as follows:

"Juan B. Soto, after being duly sworn states:

"That he is the attorney for the defendant in this case, that he has drawn up and read the preceding answer, and that the facts recited in the same are true and are known to him on information and belief; that he makes this declaration in place of the defendant because the office and residence of the subscribing attorney is located in the District of San Juan and that of the defendant in the District of Arecibo.

"(Signed) Juan B. Soto, Deponent.

"Affidavit No. 2130. Sworn and subscribed before me by Juan B. Soto, married, attorney, of age and resident of Hato Rey, within the Municipality of Río Piedras, whom I know personally.

"San Juan, P. R., April 10, 1933.

"(Signed) Manuel Rivera de la Vega, Notary Public."

The appellee insists that the oath was sufficient under Section 118 of the Code of Civil Procedure which reads as follows:

"Every pleading must be subscribed by the party or his attorney; and when the complaint is verified, or when The People of Porto Rico or any officer of the Island, in his official capacity, is plaintiff, the answer must be verified unless an admission of the truth of the complaint might subject the party to a criminal prosecution, or unless an officer of said Island, in his official capacity, is defendant. In all cases of a verification of a pleading, the affidavit of the party

must state that the same is true of his own knowledge, except as to the matters which are therein stated to be on his information or belief, and as to those matters, that he believes it to be true; and where a pleading is verified, it must be by the affidavit of a party, unless the parties are absent from the district where the attorney resides, or from some cause are unable to verify it, or the facts are within the knowledge of his attorney, or other person verifying the same. When the pleading is verified by the attorney, or any other person except one of the parties, he must set forth in the affidavit the reason why it is not made by one of the parties. When a corporation is a party, the verification may be made by any officer thereof.''

We are disposed to consider that in absence of a showing to the contrary, it will be presumed for the purposes of pleading that the defendant and all its officers resided in Arecibo where the suit was brought. Likewise, after the motion of the plaintiff-appellant had been overruled, he went on to trial, did not stand on his motion and may be held to have waived the insufficiency of the oath. Furthermore we are inclined to agree with the court or with the appellee that the proper practice was to strike the answer and the motion for judgment on the pleadings came too late.

After absolving the defendant from responsibility, the court, nevertheless, discussed the evidence as to insanity and was satisfied that it was not sufficiently proved, and said something to the effect that the court was not bound to consider the testimony. As we agree with the findings of the court with respect to negligence, there is no necessity of discussing the rest of the errors assigned, all relating to insanity.

The judgment should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.